[No. 3537.    Decided September 19, 1900.]

THE STATE OF WASHINGTON *on the Relation of C. B. Bussell* v. ROBERT BRIDGES, *Commissioner of Public Lands, et al., Respondents.*

TIDE LANDS—SALE—RIGHTS OF LESSEE.

A lessee of tide lands who holds same under Laws 1897, p. 243, § 23, which provides "that lands held under lease shall not be offered for sale or sold except to the lessee if the lessee shall keep his lease in good standing," but who waives such limitation in his favor and applies to the commissioner of public lands for the sale of his leased premises at public auction, cannot, where the lands are struck off to a higher bidder than himself, come in afterwards and secure a preference right of purchase by tendering the amount of the highest bid, by reason of a provision in his lease "that the tide lands herein shall not be offered for sale except upon application of the lessee, who shall have preference right to re-lease or to purchase at the highest rate bid," since there was no authority of law for the insertion in his lease of such a clause, which, in its very nature, is inconsistent with a sale at public auction.

*Original Application for Mandamus.*

*Fred Rice Rowell,* for relator.

*Thomas M. Vance,* Assistant Attorney General, for respondents.

The opinion of the court was delivered by

REAVIS, J.—On the 1st of December, 1899, the commissioner of public lands duly executed to petitioner (relator) a lease of certain described tide lands in King county, for the period of thirty years. A clause was inserted in the lease to the effect that the tide lands described therein should not be offered for sale except upon the application of the lessee, and that he should have the preference right to re-lease or to purchase the lands at

the highest rate bid therefor, provided the lessee should keep his lease in good standing. The lessee has kept his lease in good standing and complied with the conditions therein contained to be kept and performed by him. On the 28th of October, 1899, the lessee made application to the commissioner of public lands for the sale of the said lands at public auction, and pursuant to the laws and regulations pertaining to such sales. Thereupon a sale was regularly ordered, pursuant to notice, in accordance with law, and on the 27th day of January, 1900, the said tide lots were offered for sale by the auditor of King county. The petitioner appeared at the sale, and, together with other persons, bid thereat. The petitioner also at such sale gave notice that he should exercise and demand his right as lessee to purchase the lots so exposed for sale at the highest rate bid therefor, and offered his lease for the inspection of all persons present. The lots were exposed for sale, the highest bid therefor was by persons other than petitioner, and the amount bid thereon for the same was $1,669. The petitioner thereupon demanded the right to purchase the lots at that price, being the highest bid by other persons, and tendered the first payment of one-tenth thereof. The report of the sale was filed in the office of the state land commissioner on the 31st of January, 1900. It is the intention of the board of land commissioners to confirm the sale of the tide lots to persons other than the petitioner, who were the highest bidders at such sale. The petitioner prays a writ of mandate directing respondents to confirm the sale of the lots to himself.

The laws of 1895, p. 544, § 32, provide:

"That no lease shall be so drawn as to interfere with the sale of lands ordered by the board of state land commissioners to be, sold."

Afterwards the legislature (Laws, 1897, p. 243, § 23) provided:

"That lands held under lease shall not be offered for sale or sold except to the lessee, if the lessee shall keep his lease in good standing."

It is argued by the learned counsel for the petitioner that the later act limits the power to make a sale to the lessee during the term of his lease, if the lease is kept in good standing, and that such provision of the statute authorized the stipulation, inserted in the lease held by petitioner, "That the tide lands herein shall not be offered for sale except upon application of the lessee, who shall have preference right to re-lease or to purchase at the highest rate bid." But a careful consideration of the statute does not seem to imply such authority. Without the provision in the statute of 1897, the state might, through its commissioner of public lands, offer leased lands for sale without the consent of the lessee; but the later statute put a limitation upon the right of the state to sell during the continuance of the lease in good standing. This limitation is plainly for the benefit of the lessee. There is no valid reason to infer that the state should limit itself in regard to the sale. Such limitation having been made for the benefit of the lessee alone, there appears no good reason why he was not competent to waive it and apply for the public sale of the tide lots, under the law relative to such sales. Having made such waiver in his application for the sale of the tide lots, the application having been approved, and a sale ordered and regularly consummated, it would seem that the highest bidder at such sale was entitled to the tide lots and to a confirmation of the sale. The restriction made by the statute upon the right to sell during the existence of the lease certainly did not confer authority to insert in the

lease the clause that the lessee might purchase at the highest bid made at the sale by any other person. Such clause is inconsistent with the sale at public auction. There could be no competition if the bidder could not get the benefit of his offer.

It is maintained by counsel that petitioner, at any rate, should be deemed to have been misled by the clause in his lease; but it may be suggested that the highest bidder at the sale would also be misled, if, having been invited to bid in competition at a public auction, he could obtain no right to purchase after having attended and made the highest bid. It occurs to us that the court is unable, where all the proceedings have been regular and the sale valid, to relieve the petitioner from his mistake, if such, of thinking he had the controlling right to purchase at the sale. It is therefore concluded that the writ must be denied.

DUNBAR, C. J., and ANDERS and FULLERTON, JJ., concur.